## Okison *against* Patterson.

The expression of a valuable consideration is essential to the validity of a deed of bargain and sale, but the amount of it need not be stated.

ERROR to the Common Pleas of *Juniata* county.

Patterson's executors against Okison and Yoher. This was an action of trespass *quare clausum fregit.* The question was one of title. The only point of law deemed of any importance in the cause arose upon an offer in evidence by the plaintiff of a deed of Anthony Gray and wife to Robert Edmiston, in the body of which were these words : " For a valuable consideration, we the subscribers have bargained and sold," &c.

The objection to it was that it contained no consideration. The court below, (Hepburn, President) overruled the objection, and sealed a bill of exception.

*J. Fisher,* for plaintiff in error, cited 4 *Binn.* 1.
*Benedict,* for defendant in error.

PER CURIAM.—To raise a use by deed of bargain and sale, a valuable consideration must be expressed ; but, as the smallest is sufficient, the amount of it need not be stated. Thus was the law held in *Jackson* v. *Alexander,* (3 *Johns.* 478), *Jackson* v. *Root,* (18 *Johns* 60), though it was ruled differently in *Singleton* v. *Bremen,* (4 *M'Cord* 12) ; and though the point was decided in *Jackson* v. *Alexander* by a divided court, yet the masterly opinion of the majority delivered by Chief Justice Kent seems to have put the decision on unshaken ground—that the rule requiring a consideration has become a matter of senseless form, a peppercorn being sufficient ; that where a sum of money is stated, it is never a matter of inquiry whether it was paid ; and that since the substance is so entirely gone, the policy of giving effect to contracts, requires us to construe the cases which have modified the rule, with the utmost liberality. By any other construction, the omission of a useless expression by the inadvertence or unskilfulness of the scrivener, would be suffered to destroy many a title, and defeat many a fair conveyance for the sake of what, if it ever had any good in it, was at first an innovation on the common law borrowed from the chancery notion of requiring a consideration in every contract, whether sealed or not, and which has dwindled to a shadow.

The remaining question was settled in *Martz* v. *Hartley,* for reasons which it is unnecessary to repeat.

Judgment affirmed.